PETER R. BURTON,

*vs.*

JAMES DUFFIELD AND RHODA, HIS WIFE.

*Sussex, Sept. T.* 1847.

The owner of a tract of land let the complainant into possession thereof,
promising to give it to him; and upon the faith of such promise the
complainant built upon, improved and occupied the land. The owner
died without having conveyed the same. The complainant was held
entitled to be protected in equity against an ejectment, brought by the
heir at law, to recover possession of the land.

BILL IN EQUITY to compel the conveyance of land, under
the following circumstances:

Thomas Robinson, deceased, in his lifetime and in the
year 1843, had at sundry times declared, both to the com-

plainant and to other persons, his intention to give the complainant five acres of land; the same to be laid off from a certain part of a larger tract owned by Robinson. The five acres were marked off and separated from the farm by a designated boundary. Pursuant to this intention of Robinson, and with his consent, the complainant went into possession of the five acres, built a house upon the land, and otherwise improved it; expending, in such improvements, about $800. The complainant was a nephew of Robinson, who, having no children, had adopted the complainant. He had shown great interest in the complainant; had educated him; and had, after the majority of the complainant, taken him into partnership with him in business; and they were co-partners at the time of the transaction referred to. The complainant had some funds, which, at the time of his majority, were in the hands of said Burton, as his guardian, and were retained by him as part of the capital of the partnership. About three years prior to the transactions before referred to, Robinson had made a will; but, not having then acquired a title to the tract from which the five acres were laid off, he died intestate as to the land in controversy. He died in October, 1843, without having made any conveyance of the five acres to the complainant, although he had promised the complainant and intended to do so. After his death the defendants, in right of the defendant, Rhoda Duffield, as the heir at law of Robinson, claimed to be entitled to the five acres, and brought their ejectment to recover possession. The bill, setting forth the above facts, prayed an injunction to restrain the action of ejectment or any other action to recover possession, and that the defendants might be decreed to convey to the complainant the legal title to the premises.

The answer of the defendants admitted the alleged relationship of the complainant to Thomas Robinson, and that Robinson had educated him and taken him into part-

nership; but the defendants did not know whether Burton acted in the partnership. It further admitted that Robinson intended to devise the land in controversy to the complainant, but died without doing so; that the title descended to his heir at law, the defendant, Rhoda Duffield; that Robinson had, by his will previously made, devised a large part of his other real estate to the complainant. The answer denied that there was any gift of the land by Robinson to the complainant, or promise of such gift, or that he expended money in making the improvements; it alleged that Robinson furnished the building materials from his saw mill, boarded the hands, and provided what funds were necessary; and the defendants did not believe that Robinson charged the complainant for such materials and expenses; and that, even if so charged, the complainant was then a minor and not legally liable.

Depositions were taken on both sides. It was proved, on the part of the complainant, that, while the improvements were being made, Robinson said that he had given, or that he intended to give, the land to the complainant. It was also proved that he had put a worm fence across the whole tract, separating the part on which the improvements were put; and that he said he had given that part of the land to the complainant; that the complainant took possession of it and caused the buildings to be erected; that he paid for the work done; that Robinson, on sundry occasions, refused to pay bills for the work; that Robinson furnished the lumber, but charged the complainant for it on his books of original entries; as was proved by the production of the books. The complainant, after the improvements were made, moved upon the premises and held them at Robinson's death.

The cause came before the Chancellor, at the Sept. T. 1847, for a hearing upon the bill, answer, exhibits and depositions.

*C. S. Layton,* for the complainant.

The defendants can stand in no better condition than would Robinson, were he living. 1 *Johns. Ch. Rep.* 131; 16 *Ves. Jr.* 249; 1 *Fonb. Eq.* 169, 177, 178. Now, against him the complainant's equity would be unquestionable. Independently of any contract, such an equity arises out of the principle of equitable estoppel. Where one stands by and sees another purchase land to which he has title but does not assert it, the purchaser acquires an equity against him. 9 *Mod. Rep.* 36, 39; 1 *Sch. & Lef.* 120; 3 *Mer.* 235; 1 *Swans.* 181; 2 *Bro. Ch. R.* 417; 1 *Keen.* 421. 431; 1 *Chitty's Eq. Dig.* 473; 2 *Freeman,* 268; 1 *Madd. Ch. Pr.* 880, 381; 2 *Vernon,* 455; *Pr. Ch.* 516; 1 *P. W.* 772 *note* 1; 1 *Ball & Beatty,* 181. The same principle has been ruled as applying to the very case of a person who stands by and, without objecting, sees another build upon his land. He is bound thereby. 2 *Atk.* 82; 12 *Ves. Jr.* 35.

*E. D. Cullen,* for the defendants.

In this case there is little for argument. The principle that a mere voluntary promise raises no equity has been already decided in our Court of Errors and Appeals, in *Carlyle's case,* 1 *Harring. Rep.* 421. See also 1 *Sto. Eq. Jur.* 376, 378; 4 *Mass. Rep.* 418.

*J. W. Houston,* in reply.

It is true, that a mere voluntary promise, without more, is not enforced in equity; yet it is otherwise where, as in the present case, the party to whom the promise was made has acted upon it, by paying money, or even by entering into engagements. The breach of such a promise is a fraud, and on that ground equity will relieve him.

The present is a very strong case of that class. Possession was delivered and improvements made; and to withhold now the legal title from the complainant would operate as a gross fraud upon him. *Roberts on Frauds*, 129—135, 149—152; 1 *Chitty's Eq. Dig.* 473.

JOHNS, JR., CHANCELLOR.—The complainant is entitled to relief, on the ground that upon the faith of Robinson's acts, in giving him possession of the land with a promise of the title, he was induced to build the house and make the improvements. Robinson's acts were unequivocal, and such as to warrant the complainant's confidence. He marked the five acres off, separated them from the rest of his land by a visible boundary, and put the complainant into exclusive possession. The accident of his death alone prevented him from perfecting the legal title by a deed. The land has descended to the defendant, Rhoda Duffield, subject to the equity of the complainant, arising out of these transactions; and the complainant is entitled to be protected.

A decree was entered that the defendants convey to the complainant, his heirs and assigns, the land in controversy; also that they be perpetually enjoined from further prosecuting the ejectment, or any other process to recover possession of the premises.